UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASTINGS FIBER GLASS PRODUCTS, INC.,
a Michigan Corporation,

       Plaintiff,                                      Case No.:

v.                                                       Honorable

ENLACE MERCANTIL INTERNACIONAL, INC.
a Puerto Rico Corporation,

       Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Hastings Fiber Glass Products, Inc. ("**Hastings**"), brings its Complaint for Declaratory Judgment against Defendant, Enlace Mercantil Internacional, Inc. ("**Enlace**"), and alleges as follows:

**INTRODUCTION**

1.      This action seeks a declaratory judgment finding that Hastings properly executed its right to terminate its exclusive distributorship relationship with Enlace for product sales into Puerto Rico.  Hastings also seeks a declaration that it shall not be held responsible for any claimed losses or damages incurred by Enlace as a result of any past or future sales of product to competing distributors of Enlace in Puerto Rico.

## PARTIES, JURISDICTION AND VENUE

2. Hastings is a Michigan corporation with a principal place of business in Hastings, Michigan.

3. Upon information and belief, Enlace is a Puerto Rican corporation with a principal place of business in San Juan, Puerto Rico.

4. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Hastings is a citizen of Michigan and Enlace is a citizen of Puerto Rico, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. Pursuant to Fed. R. Civ. P. 4, this Court has personal jurisdiction over Enlace under Mich. Comp. Laws §§ 600.705 and 600.715 because Enlace has transacted business within the state by contracting with Hastings, agreeing to be bound by the laws of Michigan, directing correspondence to Hastings for business purposes, and placing orders for goods manufactured in Michigan.

6. Venue is proper under 28 U.S.C. § 1391 because Hastings resides in this District and a substantial portion of the events giving rise to the controversy occurred within this District.

7. This Division is proper under Local Civil Rule 3.2(e) because Hastings resides in this Division.

## GENERAL ALLEGATIONS

8. Hastings manufactures hot line tools and equipment for use in the construction and maintenance of power grid systems in the United States, Puerto Rico and other jurisdictions.

9. Hastings' products are generally available to end-customers through territory-specific, third-party distributors who buy the products directly from Hastings for resale.

10. Upon information and belief, Enlace is a telecommunications equipment and systems company primarily involved in business-to-business sales.

11. On October 18, 1996, Hastings and Enlace entered into a written Foreign Distributor Agreement (the "1996 Agreement") whereby Hastings granted Enlace the exclusive right to distribute Hastings' products in Puerto Rico.  The Agreement is attached as **Exhibit A**.

12. On March, 19, 2012, Hastings tendered to Enlace a signed and updated Foreign Distributor Agreement (the "2012 Agreement") whereby Hastings again granted Enlace the exclusive right to distribute Hastings' products in Puerto Rico.  The 2012 Agreement is attached as **Exhibit B**.

13. Upon information and belief, Enlace was on notice of the 2012 Agreement, but never tendered an executed version back to Hastings.

14. Despite the fact that Enlace failed to deliver a properly executed copy of the 2012 Agreement to Hastings, Hastings conducted business under the 2012 Agreement under the belief that it was fully enforceable between the parties.  However, if Enlace never executed the 2012 Agreement, Hastings and Enlace continued to conduct business consistent with the terms of the 1996 Agreement until January 12, 2015, when Hastings notified Enlace that it intended to maintain the discount and payment structure in place at that time, but would permit other distributors to bid on product quotes requested by the Puerto Rico Electric Power Authority ("PREPA").

15. Both the 1996 Agreement and 2012 Agreement provided that the provisions are to be construed in accordance with Michigan law.

16. Article II, Section 3 of the 1996 Agreement and 2012 Agreement provided that Hastings could terminate the Agreement immediately based on a number of triggering events including, but not limited to, a material breach by Enlace of any covenant of the agreement.

17. Article IV, Section 1 of the 1996 Agreement and 2012 Agreement provided, in pertinent part, that Enlace was obligated "to use its best efforts to develop demand for, and actively promote the sale of [Hastings'] products within the designated territory. [Enlace] agrees to identify itself clearly as the distributor of [Hastings'] products in business listings, directories, and advertisements."

18. On January 9, 2015, Hastings conducted a 2014 year-end review of Enlace's performance in the Puerto Rican territory and concluded that Enlace was not actively promoting Hastings' products. In addition, although Hastings repeatedly requested Enlace to specify the Hastings brand to potential customers, it failed to do so. Hastings was also frustrated by Enlace's repeated failures to pay for product purchases on a timely basis as required by the contract between the parties. Each of these failures by Enlace, whether standing alone or in concert, constituted a material breach of the contract between the parties.

19. As a result, Hastings notified Enlace on January 12, 2015 that it was terminating the parties' exclusive contract as more fully set forth in paragraph 14 above.

20. Enlace never responded to Hastings' decision to terminate the exclusive arrangement, despite Hasting's invitation to discuss it in the termination notice.

21. Thereafter, and without any objection by Enlace, Hastings allowed other distributors, in addition to Enlace, to bid on requests for product purchases by PREPA.

22. On January 18, 2016, over one year after Hastings notified Enlace that it would permit other distributors to purchase products for sales to PREPA, Enlace accused Hastings of

actively violating the parties' exclusive relationship and threatened to bring suit against Hastings if it did not immediately cease and desist from conducting business with other distributors seeking to sell Hasting's products in Puerto Rico.

## COUNT I: DECLARATORY JUDGMENT
## 28 U.S.C. § 2201

23. Hastings incorporates by reference the preceding paragraphs.

24. Both the 1996 Agreement and 2012 Agreement contain clear and unambiguous language regarding the ways in which Hastings may immediately terminate the parties' relationship.

25. Enlace did not comply with its obligation to sufficiently sell and actively promote Hastings' products in Puerto Rico, a material breach under both the 1996 Agreement and 2012 Agreement.

26. In addition, Enlace failed to pay Hastings for product purchases in accordance with the agreed upon terms between the parties and otherwise committed material breaches of contract between the parties.

27. As a result, Hastings was legally permitted to terminate the parties' exclusive contract under the terms of both the 1996 and 2012 Agreements.

28. While Enlace has not yet commenced legal action against Hastings, there is a justiciable controversy between Hastings and Enlace over whether Hastings may enter into distribution relationships with dealers other than Enlace for the sale of Hastings products to customers in Puerto Rico.

29. Hastings is entitled to a declaration that it properly terminated the exclusive distribution agreement with Enlace consistent with the express terms of both the 1996 and 2012 Agreements and is therefore free to conduct business with other distributors seeking to sell

5

Hastings products to customers in Puerto Rico without fear of retribution or recompense by Enlace.

## DEMAND FOR RELIEF

WHEREFORE, Hastings respectfully requests that this Court grant it the following relief:

A. Declare that Hastings is not in an exclusive distributorship relationship with Enlace because it rightfully terminated the 1996 Agreement and/or 2012 Agreement pursuant to Article II, Section 3 of either the 1996 Agreement and/or the 2012 Agreement;

B. Declare that Hastings shall not be held responsible for any claimed losses or damages incurred by Enlace as a result of any past or future sales of product to competing distributors of Enlace in Puerto Rico.

C. Declare that Hastings may conduct business and sell to other distributors of Hastings products to customers in Puerto Rico.

D. Grant Hastings such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: February 18, 2016

/s/ Carly A. Zagaroli
Douglas E. Wagner (P27338)
Carly A. Zagaroli (P79358)
WARNER NORCROSS & JUDD LLP
111 Lyon St. NW
Grand Rapids, MI 49503
(616) 752-2000
*Attorneys for Plaintiff*

14050425