# EXHIBIT A



**HASTINGS FIBER GLASS PRODUCTS INC.**
PHONE: (616) 945-9541
TELEX NO. 5101007695
P.O. BOX 218, 770 COOK ROAD
HASTINGS, MICHIGAN 49058

FOREIGN DISTRIBUTOR AGREEMENT

EXCLUSIVE

THIS AGREEMENT, entered into this **18th** day of **Oct.**, 19**96**, between HASTINGS FIBER GLASS PRODUCTS, INC., a Michigan corporation of Hastings, Michigan, U.S.A. (hereinafter called "H.F.G.P.") and **ENLACE MERCANTILE INT'L** of **Puerto Rico** a **Corporation** organized under the laws of **Puerto Rico** (hereinafter called "Distributor").

ARTICLE I. APPOINTMENT AND TERRITORY

1. Appointment. H.F.G.P. hereby grants to the Distributor the right to purchase equipment and parts from H.F.G.P. for resale to Distributor's customers on the terms and conditions set forth in this Agreement.

2. Territory. The Distributor shall have the primary responsibility for sales of H.F.G.P.'s products in the following territory:

**PUERTO RICO**

3. Exclusive Nature. During the term of this Agreement, H.F.G.P. agrees that it will not sell its products to anyone other than the Distributor within the designated territory. It is understood that H.F.G.P. sells to other parties in the U.S.A. and in foreign countries who may ship H.F.G.P.'s products into the designated territory and that H.F.G.P. has no control over this and shall have no liability to Distributor for sales or delivery of H.F.G.P.'s products into the territory by some other party. H.F.G.P. agrees to refer to Distributor all inquiries received from prospective customers located within the designated territory.

4. Competitive Products. In consideration for the exclusive territory distributorship, the Distributor agrees that during the term of this Agreement it will not sell or promote other equipment in competition with H.F.G.P.'s products.

5. No Agency. The relationship between H.F.G.P. and Distributor shall be that of seller and buyer. Distributor and its agents and employees shall under no circumstances be considered to be agents or representatives of H.F.G.P., and Distributor shall have no right and shall not attempt to enter into contracts or commitments in the name of or on behalf of H.F.G.P. or to bind H.F.G.P. in any respect whatsoever.

Puerto Rico

ARTICLE II. TERM OF AGREEMENT.

1. Effective Date. This Agreement shall be effective as of the date on page 1 and shall remain in effect for a term of one year unless terminated earlier as provided herein.

2. Renewal. After the expiration of the original one-year term, this Agreement shall automatically expire unless distributor named on this Agreement applies in writing for renewal. The request for renewal will be reviewed by HFGP and written notification will be sent indicating approval or denial of contract extension.

3. Immediate Termination on Notice. H.F.G.P. may terminate this Agreement immediately in the event of: (a) insolvency of Distributor or institution of voluntary or involuntary proceedings in bankruptcy of Distributor, or (b) a change in the ownership of Distributor, or (c) a material breach by Distributor of any convenant of this Agreement, or (d) a failure to pay for any products purchased hereunder in accordance with the Foreign Distributor Sales Policy.

4. Effect on Orders. Upon cancellation of this Agreement by either party, H.F.G.P. shall have the option to cancel all unshipped orders except those orders which Distributor is legally bound to fulfill under a binding sales contract with a customer and for which Distributor pays prior to shipment. The termination of this Agreement shall not release either party from payment of any sum then owed to the other party.

5. Lost Profits. Neither H.F.G.P. nor Distributor shall by reason of termination of this Agreement as herein provided be liable to the other party for damages or loss of prospective profits or for expenditures, investments, or commitments made by either party as a result of this Agreement.

ARTICLE III. PURCHASE OF PRODUCTS.

1. Foreign Distributor Sales Policy. The terms and conditions set forth in this sales policy shall control all sales of H.F.G.P.'s products to Distributor unless expressly modified in writing by H.F.G.P. H.F.G.P. reserves the right to revise its Foreign Distributor Sales Policy from time to time and shall give Distributor advance written notice of any such revisions.

2. Order and Acceptance. All H.F.G.P.'s products which Distributor desires to purchase shall be covered in written orders submitted by Distributor to H.F.G.P. at Hastings, Michigan. All orders are subject to acceptance by H.F.G.P. and shall not be considered as accepted until written acknowledgment of the order is made to Distributor.

3. Payment. Payment shall be by irrevocable letter of credit, confirmed in a U.S. bank with payment at sight in U.S. funds. All documentary charges, bank transfer costs, or other fees involved in the remittance of funds to H.F.G.P. are to be paid by the distributor. H.F.G.P. will not furnish any performance bonds or guarantees.

4. Minimum Order Charge. All orders $100.00 U.S. On orders less than $500.00 U.S., only current list prices in effect will be quoted with no discounts given.

5. Special Charges. Special packaging, duty charges, bank fees, forwarding fees, documentation costs, FAS charges, or any other ancillary charges arising out of the exporting of products will be added to the amount of the invoice, and such charges are not subject to discount or commissions.

6. Discount Schedules, Prices, Quotations, Pro-Forma Invoices. H.F.G.P. will, at Distributor's request, provide a written quotation (Pro-Forma Invoice) detailing price, applicable discounts, packaging costs, duty charges, bank fees, forwarding fees, documentation costs, inland freight charges, FAS charges, and any other ancillary charges related to sale of merchandise requested by a customer. Such written quotations automatically expire 60 days from date of issue unless sooner terminaed by notice. Discount schedules are based on standard catalog items, packaged, marked and tested in line with stated company policy. Prices and discounts are subject to change without notice. If a Pro-Forma Invoice has not been submitted, the price at which the material will be billed will be that which is in effect when shipment is made. Published prices do not include any additional costs arising out of the exporting of products (See "Special Charges").

7. F.O.B. Point. Prices are F.O.B. Hastings, Michigan 49058, U.S.A., unless otherwise stated.

8. Transportation. Transportation will be made by the most economical way as determined by U.S. freight forwarders used for forwarding of shipments. Domestic inland freight will be prepaid and added to the invoice amount or as quoted on Pro-Forma Invoice.

9. Design Changes. H.F.G.P. reserves the right to incorporate new design or improvements on the products or their component parts without obligation in regards to a Distributor's existing stock.

10. Orders Varying These Terms. H.F.G.P. specifically objects to the inclusion of any additional or different terms and conditions or the modification of the terms and conditions herein in any order placed with H.F.G.P. An acknowledgment or other form of acceptance of an order by H.F.G.P. shall not constitute acceptance of any such additional, different, or modified terms and conditions.

11. Title to Materials. Title to materials shall pass to purchaser upon delivery to carrier. We assume no responsibility for any delays in deliveries due to strikes, accident, delay of carrier, fires, failure of our suppliers to make delivery or other causes beyond our control. Carriers are responsible for goods lost or damaged in shipment, and they must be requested to make inspection on lost or damaged goods. Claims for loss or damage must be filed on carrier within 10 days after receipt of material.

12. Return of Goods. Shipping charges are not allowed on goods returned to factory for repair, or replacement. No merchandise may be returned for credit without written authorization from H.F.G.P.

13. Warranties, Liability and Damages. H.F.G.P. guarantees to repair or replace at its option, any equipment which fails due to defective material or workmanship within one year from date of shipment, unless failure is due to misuse or improper application. This guarantee is limited to the repair or replacement of the items involved and does not include reimbursement for transportation or other expenses which may be incurred. Authorization must be obtained from H.F.G.P. before any equipment is returned. No warranty claims will be considered until the merchandise in question has been returned to H.F.G.P. for inspection purposes. Materials are sold with the express understanding that their life and fitness for purpose are indeterminate and largely depend on application and operating circumstances and continuing maintenance. No warranty is made with respect to equipment, accessories, component parts, or auxiliary equipment not manufactured by H.F.G.P., such being subject only to warranties made by their respective manufacturer. H.F.G.P. shall in no event be responsible or liable for modifications, alterations, misapplication, or repairs made to its products or equipment by Distributor, customer, or others, or for damage caused thereto by negligence, accident, overloading, or improper use by Distributor, customer, or others. H.F.G.P. shall not be liable to Distributor or any third party for consequential damages directly or indirectly arising or resulting from the sale or the use of the products sold. H.F.G.P.'s liability is limited at the option of H.F.G.P. to the terms stated in the guarantee or to a refund or crediting to the purchaser of the prices of such products.

**ALL OTHER WARRANTIES ARE EXCLUDED, WHETHER EXPRESS OR IMPLIED BY OPERATION OF LAW, OR OTHERWISE INCLUDING ALL IMPLIED WARRANTIES OR MERCHANTABILITY OR FITNESS.**

ARTICLE IV. DISTRIBUTOR SALES OBLIGATIONS

1. Sales Promotion. The Distributor agrees to use its best efforts to develop demand for, and actively promote the sale of H.F.G.P.'s products within the designated territory. Distributor agrees to identify itself clearly as a distributor of H.F.G.P.'s products in business listings, directories, and advertisements. H.F.G.P. shall furnish sales literature from time to time, and Distributor shall be responsible for the correct translation of such materials to the language of the territory where such translations are desired by Distributor.

2. Customer Service. The Distributor agrees to service all customer accounts to the extent necessary to assure customers complete satisfaction with the H.F.G.P.'s products they purchase. Distributor agrees to promptly resolve any customer complaints with H.F.G.P.'s products and to promptly advise H.F.G.P. of any warranty claims on H.F.G.P.'s products.

3. Product Samples. The Distributor agrees to purchase and make available for customer evaluation demonstration samples of the leading H.F.G.P.'s products.

ARTICLE V. GENERAL PROVISIONS

1. Complete Agreement. This Agreement contains the entire agreement between the parties. Any representation or condition not incorporated herein shall not be binding on either party.

   2. Modification. No modification of this Agreement shall be binding on either party unless made in writing and signed by authorized officers.

3. Assignment. Distributor shall have no right to assign any rights under this Agreement without the prior written consent of H.F.G.P.

4. Applicable Laws. This Agreement shall be construed in accordance with the laws of the State of Michigan and of the United States of America.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year set forth on page 1.

HASTINGS FIBER GLASS PRODUCTS, INC.

By **Richard R. Cole**

Its Export Sales Dept.

**ENLACE MERCANTILE INT'L, INC.**
Distributor

By **Mr. Abel Vale**

Its **President**

The parties agree that the attached letter of October 17, 1996 be part of this Agreement.